# Samuel Brazelton *vs.* Warren L. Jenkins.

### *Error to Henry.*

This Court has no power to examine into errors in fact, occurring in the Court below, and not appearing on record.

An erroneous decision of the Court below on an application for a new trial, may be brought here for review and correction, but for this purpose a strong case must be presented.

This was an action of trespass *vi et armis*, brought by Jenkins against Brazelton, in the District Court of Henry county. The jury found the defendant guilty, and assessed the damages at one hundred and fifty dollars. The trial took place in Nov. 1838. In June 1839, affidavits were taken, to be used in the Supreme Court, tending to show that the jury in making up their verdict in the case, had each marked down the amount of damages he wished to render, the sum of which divided by twelve was, in consequence of a unanimous previous pledge to that effect, taken as their verdict. This fact, however, was not presented to the District Court, as a basis for the motion for a new trial. The only reasons set forth in that motion were : 1st. That the damages

were excessive, and 2d. That the defendant below had been induced not to be personally present at the trial, by reason of an observation of the plaintiff's attorney. This last fact, however, was not sustained by affidavit, and it appears that the defendant's attorneys were present at the trial, and defended the suit.

BY THE COURT, MASON, CHIEF JUSTICE.—The first and principal question to be decided in this case is, whether we can, on writ of error, examine into any errors in fact, in the court below, which do not appear upon the record. The cases cited show, that the Supreme Court of the State of New York correct errors of this nature. Those cases, however, also show that this power results from the broad extent of jurisdiction, conferred upon the court by statute. The practice in England seems, in this respect, similar to that in New York, and for a like reason.

Our powers, in this particular, seem rather more narrow and limited. The statute seems to confine our remedial control, over the District Courts, by writs of error, to matters of law. (Laws of 1836, p. 23.)

But the principal reason why errors in fact cannot be corrected in this Court, is, that we have not the power to try any issue that might be joined thereon. The Supreme Court of the State of New York can issue a *venire* to try questions of fact of this nature, which can only be tried by a jury. (Arnold vs. Sandford, 14 Johnson's Reports 422.) This seems one of the chief arguments relied upon, in that case, for deciding that errors in fact might be corrected in that court. It would seem, from the English books, that error in fact in an inferior court cannot be corrected in the House of Lords, or in the Exchequer Chamber, because in neither of those courts, can there be a trial by jury.— Such is the case with us. The act of Congress organizing this Territory (section 9) declares, that, in no case removed here from the District Court, shall a trial by jury take place in this court. And the law makes no provision for sending an issue down for trial to the District Court. Upon the principles acted on by the courts of other countries, therefore, it would seem impossible for us to correct the error in fact, complained of in this case. That cases of this nature may arise, involving the greatest degree of hardship and injustice, and which will be altogether remediless in a court of law, may readily be imagined. But the remedy must be applied by the wisdom of the legislature, rather than by the discretion of the court.

But it is said that the pleadings in this case are such as to dispense

with the necessity of a trial by jury. That the plea of the defendant in error is tantamount to a demurrer, and confesses every error in fact which is well assigned. This may all be true, but still, if, as a general rule, we are not authorized to take cognizance of, and to correct errors in fact, we cannot found so important a branch of jurisdiction upon a particular, and perhaps accidental, state of pleading.

Besides, by the authorities on this subject it seems to be settled that the plea of the defendant in error in this case, only confesses those errors in fact, WHICH ARE WELL ASSIGNED. If we cannot entertain questions of that nature, can any errors in fact ever be WELL ASSIGNED?

Another error assigned is, the refusal of the court below to grant a new trial. There is no doubt but that an erroneous decision of the Court below, on an application for a new trial, may be brought up here for review and correction, for such a power appears to be conferred by statue. (Laws of 1836, p. 23.) But as this is a question principally addressed to the discretion of the court below, a strong case must be presented to authorize the interposition of this court. The present case does not seem to us one of that nature. The grounds upon which the application for a new trial was founded, are, first, That the damages were excessive: second, That the defendant was misled by an observation of the attorney for the plaintiff below, by reason of which he was absent from the trial. There is nothing before us from which we can infer either that the damages were excessive, or that the defendant below had any sufficient reason for neglecting to prepare for the trial. We, therefore, think that the Judge of the District Court, in over-ruling the motion for a new trial, did not transgress the limits of a sound legal discretion. The judgement of the court below is therefore, affirmed.